UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SID MURDESHWAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEARCHMEDIA HOLDINGS LTD., *et al.*,<br><br>Defendants. | Case No.: 1:11-cv-20549-KMW |

**PARTIAL FINAL JUDGMENT AND ORDER APPROVING PARTIAL SETTLEMENT
AND PARTIALLY DISMISSING THE ACTION WITH PREJUDICE**

THESE MATTERS have come before the Court to determine whether the proposed Settlement should be finally approved pursuant to the terms set forth in the Stipulation and Agreement of Partial Settlement, dated November 30, 2011 (the "Stipulation"), relating to this Action. The Court has considered all papers filed and proceedings had herein and otherwise is fully informed in the premises, and after holding a Fairness Hearing on April 23, 2012, has determined that the Settlement set forth in the Stipulation should be approved as fair, reasonable, and adequate. The Court hereby enters this Partial Final Judgment and Order, which constitutes a final adjudication of this Action on the merits as to the Settling Defendants. Good cause appearing therefore, **IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The definitions of terms set forth in the Stipulation and in the Preliminary Order entered by this Court on January 10, 2012 are hereby incorporated as though fully set forth in this Final Judgment. Any inconsistencies between the terms of the Stipulation and this Final Judgment shall be resolved in favor of the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, over the Settling Defendants, and over all Class Members, who are defined as: all persons or entities who (i) purchased or otherwise acquired SearchMedia securities between April 1, 2009 and August 20, 2010, inclusive; or (ii) held common stock of Ideation on October 2, 2009, and who were eligible to vote at Ideation's October 27, 2009, special meeting. Excluded from the Class are Defendants, the officers and directors of Ideation, SearchMedia and SearchMedia International Limited, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest, China Seed Ventures, L.P., Deutsche Bank AG, Le Yang, Sun Hing Associates LTD., and Vervain Equity Investments Limited. Also excluded from the Class are all persons and entities who have submitted a valid request for exclusion.

3. With respect to the Class, the Court finds for purposes of the Settlement only and as to the Settling Defendants only that: (a) the members of the Class are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims as asserted in the Amended Complaint against the Settling Defendants are typical of the claims of the Class against the Settling Defendants; (d) Lead Counsel has fairly and adequately represented and protected the interests of the Class Members with respect to their claims against the Settling Defendants; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims against the Settling Defendants in the Action, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversies already commenced by Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular

forum; and (iv) the difficulties likely to be encountered in the management of the Action as a class action. These findings do not apply to the claims asserted against the Non-Settling Defendants and raise no presumption against the Non-Settling Defendants.

4. The Notice, Postcard Notice and Summary Notice were approved by the Court in the Preliminary Order. The notices, among other things, advised the Class Members of their right to appear and express their views on the fairness of the Settlement at the Fairness Hearing before the Court mentioned above. The notices also advised Class Members of their right to exclude themselves from the Class. No Class Members have submitted valid and timely requests for exclusion pursuant to the terms of the Notice.

5. The Court hereby finally approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class, and within the authority of the Class and Settling Defendants. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's length negotiations between experienced counsel representing the interests of the Class and the Settling Defendants, and that it was negotiated with the assistance of an experienced mediator. The Class and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with the terms and provisions of the Stipulation.

7. The Escrow Agent shall continue to serve as such for the Settlement Account, until such time as all funds in the Settlement Account are distributed pursuant to the terms of the Stipulation or further Court Order.

8. The Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (D.E. 45) is **DISMISSED WITH PREJUDICE** as to the Settling Defendants only, with each party paying his, her or its own costs, except as provided in the Stipulation.

9. Upon the Effective Date, Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, whether or not that Class Member executes and delivers a Proof of Claim or otherwise shares in the Settlement Fund, (a) shall be deemed by operation of law to have released, waived, dismissed and forever discharged each and every Settled Claim, and (b) shall forever be enjoined from prosecuting, commencing, or instituting, either directly or indirectly, whether in the United States or elsewhere, any Settled Claims against any of the Released Parties.

10. Upon the Effective Date, the Released Parties, on behalf of themselves, their executors, administrators, predecessors, successors, assigns, and all persons and entities claiming through or on behalf of them, (a) shall be deemed by operation of law to have released, waived, dismissed and forever discharged each and every Settled Defendants' Claim, (b) shall forever be enjoined from prosecuting, commencing, or instituting, either directly or indirectly, whether in the United States or elsewhere, any Settled Defendants' Claim, and (c) shall forever be enjoined from prosecuting, commencing, instituting, continuing, maintaining, or asserting, either directly or indirectly, whether in the United States or elsewhere, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from Class Members or their counsel in respect of any Settled Defendants' Claim.

11. The Non-Settling Defendants and all other persons and entities, including but not limited to any other person or entity later named as a defendant or third-party defendant in this Action, are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for contribution (whether contractual or otherwise) against the Released Parties or any other claim against the Released Parties where the injury to such entity/individual is any person's or entity's actual or threatened liability to the Lead Plaintiff or any Class Member, including but not limited to any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with this Action; provided, however, that a Non-Settling Defendant shall not be barred from pursuing contractual claims against SearchMedia to recover attorneys' fees and costs actually and reasonably incurred in the successful defense of claims asserted against such Non-Settling Defendant in this Action, but only to the extent such contractual claims exist and only to the extent of such Non-Settling Defendant's success. The Released Parties are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim for contribution (whether contractual or otherwise) against the Non-Settling Defendants or any other claim against the Non-Settling Defendants where the injury to the Released Parties is any person's or entity's actual or threatened liability to the Lead Plaintiff or Class Members, including but not limited to any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with this action; provided, however, that SearchMedia may continue to pursue the Arbitration Claims.

12. The notice given to the Class was the best notice practicable under the circumstances, consisting of individual Postcard Notice mailed to all Class Members who could be identified through reasonable efforts, as well as a long form Notice posted on the Settlement

website and a Summary Notice published to all others. The notices provided due and adequate notice of these proceedings, including the Settlement, to all persons entitled to such notice, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. The Court hereby finds that all persons and entities who are Class Members were provided a full and fair opportunity to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Order, are bound by this Final Judgment.

13. Neither this Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact asserted in this Action or the validity of any claim that had been or could have been asserted in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b) offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any Class Member as evidence of any infirmity in the claims of the Class;

(c) offered or received against the Released Parties or against any Class

Member as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Released Parties or any Class Member as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against any Class Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Cash Settlement Amount.

14. Lead Counsel are hereby awarded 33 1/3% of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $57,455.97 in reimbursement of expenses, which shall be paid to Lead Counsel from the Settlement Fund. The award of Counsel Fees and Expenses may be allocated among all plaintiff's counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates plaintiff's counsel for their respective contributions in the prosecution of the Action.

15. In making this award of Counsel Fees and Expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has resulted in the creation of the Cash Settlement Amount of $2,750,000 that is already on deposit, and that numerous Class Members who submit valid Proofs of Claim will benefit from the Settlement achieved by Class Counsel;

(b) over 4,120 copies of the Postcard Notice were distributed to putative Class Members indicating that Lead Counsel was moving for attorneys' fees in an amount not to exceed 33⅓ percent of the Settlement Fund and for reimbursement of actual expenses, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses to be requested as disclosed in the Notice;

(c) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) the Action involves complex legal and factual issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of these complex issues;

(e) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Settling Defendants; and

(f) the amount of Counsel Fees and Expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

16. This Final Judgment incorporates all terms and provisions of the Stipulation. Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over all matters relating to the administration, consummation and enforcement of the Settlement, including but not limited to the interpretation of the scope of the bar order contained in paragraphs 10 through 11 of this Final Judgment

17. The Court finds, under Rules 54(a) and 54(b) of the Federal Rules of Civil Procedure, that this Final Judgment constitutes the final adjudication on the merits of the Action as to the Settling Defendants and that there is no just reason for delay of entry of this Final Judgment.

18. The Court finds that the Amended Complaint and the Settling Defendants' motion to dismiss (D.E. 47) were filed in good faith in accordance with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure.

19. The Court finds that, pursuant to the Class Action Fairness Act of 2005, the Settling Defendants provided timely and adequate notice of this Settlement to the appropriate state and federal officials.

20. If the Settlement is terminated pursuant to the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Plaintiffs and the Settling Defendants shall be deemed to have reverted to their respective statuses in this Action as of September 21, 2011; and (c) any portion of the Cash Settlement Amount previously paid or caused to be paid by Settling Defendants, including, but not limited to, any funds disbursed in payment of litigation expenses and attorneys' fees, together with any interest actually earned or gains thereon, less any amounts for Taxes paid or owing with respect to such interest income and/or gains and/or for Notification Costs and Administration Expenses actually incurred and paid or payable, shall be returned by the Escrow Agent and/or Lead Counsel, as applicable, to Settling Defendants within seven

business days after written notification of such event by Settling Defendants, as specified in Paragraph 78 of the Stipulation.

21. Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

23. The Clerk is directed to **CLOSE** this case for administrative purposes.

**DONE AND ORDERED** in chambers in Miami, Florida, this 24th day of April, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE