## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SID MURDESHWAR, Individually and on Behalf of All Others Similarly Situated, <br><br>              Plaintiff <br><br> v. <br><br> SEARCHMEDIA HOLDINGS LTD, et al., <br><br>            Defendants | Case No. 1:11-cv-20549-KMW |

## LEAD PLAINTIFF'S UNOPPOSED MOTION
## FOR DISTRIBUTION OF SETTLEMENT FUND

Pursuant to Federal Rule of Civil Procedure 23, Lead Plaintiff Noel Upfall ("Lead Plaintiff"), respectfully requests that the Court enter the accompanying order approving the distribution of the Net Settlement Fund in the above-referenced Action, as set forth in the accompanying Affidavit of Jason Zuena in Support of Motion for Distribution of Settlement (the "Zuena Affidavit," attached as Exhibit A). If approved, the Order will, inter alia:

1.    Adopt the administrative recommendations to accept Claims as set forth in Exhibit C-1 to the Zuena Affidavit, and authorize a distribution of the Net Settlement Fund to the Authorized Claimants;

2.    Reject wholly ineligible or otherwise deficient Claims, as set forth in Exhibits B and C-2 to the Zuena Affidavit;

3.    Direct The Garden City Group, Inc., ("GCG") the Court-authorized claims administrator, to distribute 100% of the available balance (after deducting estimated taxes and

the costs of preparing appropriate final tax returns and any escrow fees) of the Net Settlement Fund to the Authorized Claimants in proportion to their Recognized Claim amounts;

4.      Direct that all of the distribution drafts bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE";

5.      Direct that Authorized Claimants who do not cash their distribution checks within the time allotted irrevocably forfeit all recovery from the partial settlement and therefore, funds allocated to all such stale-dated checks will be available in a re-distribution to other Authorized Claimants;

6.      In order to allow a final distribution of any balance that may remain in the Settlement Fund after the distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, order the following plan:

a.      If any funds remain in the Settlement Fund by reason of uncashed checks or otherwise, then, after GCG has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the Distribution of the Net Settlement Fund cash their Distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial Distribution of such funds shall, if there is a balance greater than 2% of the Cash Settlement Amount remaining in the Net Settlement Fund, be re-distributed, after payment of any unpaid costs or fees incurred in administering the Settlement Fund for such re-distribution, to Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such re-distribution; and

2

b.      If after four (4) months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be donated to a secular non-profit organization(s) qualifying under Internal Revenue Code § 501(c) as designated jointly by Lead Counsel and Settling Defendants' Counsel;

7.      Find that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and, therefore, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and that all Class Members, whether or not they received or are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or Lead Plaintiff, Counsel for Lead Plaintiff, the Claims Administrator, the escrow agent or any other agent retained by Lead Plaintiff or Lead Counsel, and are bound by all of the terms of the Partial Stipulation, including the terms of the Partial Final Order, and will be barred from bringing any action against the Released Parties concerning the Settled Claims, in connection with the administration of the Settlement or the Net Settlement Fund beyond the amount allocated to such Authorized Claimants;

8.      Authorize GCG to destroy the paper copies of the Claim Forms one year after the distribution of the Net Settlement Fund, and to destroy electronic copies of claim records three years after the distribution of the Net Settlement Fund; and

9.     Retain jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

Respectfully submitted:  January 28, 2013

SAXENA WHITE P.A.

*/s/ Joseph E. White, III*
Joseph E. White III (Florida Bar # 0621064)
Lester R. Hooker (Florida Bar # 0032242)
Brandon T. Grzandziel (Florida Bar # 0058732)
2424 N. Federal Highway, Suite 257
Boca Raton, Florida 33431
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
Peter A. Binkow
Robert V. Prongay
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Co-lead Counsel for Lead Plaintiff Noel Upfall*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on January 28, 2013, I filed the foregoing with the Court's

CM/ECF System, which will send a notice of filing to all registered users.

<u>*/s/ Joseph E. White, III*</u>
Joseph E. White, III